JAS. M. THOMPSON *v.* A. B. McMANAMA ET AL.

(No. 7,580.)

1. If the terms of sale are not complied with by a purchaser at sheriff's sale, it is the duty of the sheriff to ignore the bid and immediately re-offer the property for sale.

2. If, by an agreement of parties, the purchaser is allowed time to comply with the terms of sale, and that in case of his failure the next highest bidder may take the property; upon such a return of facts the sheriff can neither disregard the sale nor return the next highest bidder as purchaser.

3. A purchaser may assign his bid, but a sale can be made only to the highest and best bidder.

SPECIAL TERM.—On motion to set aside a sheriff's sale. At the January term, A. D. 1858, the plaintiff obtained a decree of foreclosure and sale of certain leasehold premises in the city of Cincinnati. The property was appraised at $900, and the sheriff makes his return that the property " was struck off and sold to Joseph Temple for the sum of $860, it being more than two-thirds of the appraised value of said lot or parcel of land, and he being the highest and best bidder for said premises and the purchaser thereof." The sheriff also indorsed upon the order of sale the following statement of facts, viz :

" 1858, March 15. In this case, at the sale of the premises herein described, George B. Whitcomb bid for said property the sum of $875, whereupon the same was knocked

down and struck off to him, and he paid me $25, and promised and agreed with me and the other parties interested, that he would pay the balance of said purchase money within a limited time, or that it should be returned sold to the next highest bidder, and that the $25 so paid should be forfeited to the interested parties; and the said George B. Whitcomb having failed to pay said sum, so bid by him, I have returned the sale to the next highest bidder (see return hereto attached), and ask the court, in making their final order in said action, to direct what is to be done with the $25 forfeited as aforesaid.

R. MATHERS, *sheriff.*"

*Edward Morse,* for plaintiff.

*Joseph McDougal,* for McManama.

*R. D. Handy,* for purchaser Temple.

STORER, J. The duty of the sheriff, whenever he is required to sell real estate upon execution, is plain.

1. He must demand and receive the purchase money from the purchaser before he makes his return.

2. He must sell to the highest and best bidder.

3. If the purchaser neglects or refuses to pay the purchase money, or if he is not a real bidder, and it is evident that he has made his bid to postpone the sale or delay the creditor in the collection of his debt, it is the duty of the sheriff to disregard his bid and offer the property again for sale, as if no previous bid had been made.

It was held in 3 Ohio, 464, *Bisbee* v. *Hall,* that when the purchaser refuses to complete the contract by paying the money, the sheriff was not bound to make himself liable by returning an actual sale and trusting to a recovery against the purchaser—and this rule is affirmed in 5 Cowen, 396, *Russell* v. *Gibbs,* where it is said, " the officer may refuse to deliver the property until he receives the purchase

money, and if the money is refused, he may resell the property." We find the same principle decided in 1 Peters C. C. 243, *Wortman* v. *Conyngham*, where Judge Washington states, "if the purchasers refused to comply with the terms of sale, it was the same thing as if the land had not been struck off to them; and the marshal might, and it was his duty to offer the property again to sale." When, however, the officer returns that the property has been struck off to a purchaser, and a new agreement is made at the time, by which the payment of the price is postponed to a future time, and upon the non-performance of which the sale is to be set aside, the power of the officer ceases over the process and he can not, upon the same process, offer the property again for sale, much less disregard the sale and return that the next highest bidder is the purchaser.

The sheriff's duty is clearly defined : he must discharge it as the law requires him to do; he can not impose new conditions or make any private agreement connected with the sale. If he presumes thus to act, his proceedings will be set aside or disregarded altogether, as the court, from which execution has issued, may think proper. We have no doubt, nevertheless, in every proper case, that the person to whom the property has been struck down, as the purchaser, may, at any time before the confirmation of the sale, assign his bid to another, and the act will be confirmed by the court. This is the rule in Kentucky, 3 B. Mon. 357, *Jamison* v. *Tudor*; 1 Dana, 212, *Frizzle* v. *Veach*, and it has long been regarded as the law in Ohio ; 7 Ohio, pt. 1, 204, *Ewing* v. *Higby*.

But in the case before us the sale appears to have been made to one party, and afterward, without the property being re-offered, another person is returned as the next highest bidder, and entitled to the purchase; and this, too, by an understanding between the parties to the sale. Such a proceeding we can not judicially sanction. The sale must be set aside and a new order of sale issue to the sheriff.

Motion granted and sale set aside.